UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

LEXINGTON DIVISION

Eastern District of Kentucky
FILED

JAN 14 2026

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

Taylor Celeste Osborne,

Plaintiff,

v.

Kentuckiana Dental Health Specialist,

Defendant.


Civil Action No. 5:26-CV-11-DCR


## COMPLAINT


Plaintiff, Taylor Celeste Osborne, proceeding pro se, brings this action against Defendant Kentuckiana Dental Health Specialist and states as follows:


## I. JURISDICTION AND VENUE


1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., which prohibits retaliation against employees who oppose unlawful employment practices.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. Venue is proper in the Eastern District of Kentucky, Lexington Division, because the events giving rise to this action occurred in this District and Defendant conducts business here.

## II. PARTIES

4. Plaintiff Taylor Celeste Osborne is a resident of Clark County, Kentucky.

5. Defendant Kentuckiana Dental Health Specialist is a business entity operating in Kentucky and was Plaintiff's employer within the meaning of Title VII.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a Charge of Retaliation with the Equal Employment Opportunity Commission (EEOC).

7. The EEOC issued Plaintiff a Notice of Right to Sue, and this action is filed within 90 days of Plaintiff's receipt of that notice.

## IV. STATEMENT OF FACTS

8. Plaintiff was employed by Defendant in a management role and was responsible for overseeing office operations and patient care practices.

9. During her employment, Plaintiff observed that pediatric patients were routinely receiving multiple surface dental fillings and dental crowns without the use of any local anesthetic.

10. Plaintiff reasonably believed this practice raised serious patient safety concerns, particularly for minor children, causing unnecessary pain and risk of physical and psychological trauma and may violate professional standards of care and applicable regulations.

11. On February 24, 2025, Plaintiff submitted a written complaint to her Regional Manager, communicated through a text message, documenting these concerns regarding pediatric patient treatment.

12. Plaintiff's complaint constituted protected activity, as she opposed conduct she reasonably believed to be unlawful and unsafe.

13. Defendant was aware of Plaintiff's complaint and protected activity.

14. On February 27, 2025, just three days after Plaintiff submitted her written complaint, Defendant terminated Plaintiff's employment.

15. The only reason provided for Plaintiff's termination was "her attitude."

16. At no point prior to submitting her written complaint had Plaintiff been disciplined, reprimanded, or warned regarding her attitude or job performance.

17. The close temporal proximity between Plaintiff's protected activity and her termination demonstrates a causal connection.

18. Defendant's stated reason for Plaintiff's termination, "her attitude", was pretextual and did not reflect Plaintiff's actual job performance, but was instead used to mask Defendant's retaliatory motive.

19. As a result of Defendant's retaliatory conduct, Plaintiff suffered loss of income, emotional distress, and other damages.

## V. CLAIM FOR RELIEF

## COUNT I – Retaliation (Title VII)

20. Plaintiff incorporates by reference paragraphs 1 through 19.

21. Plaintiff engaged in protected activity by submitting a written complaint, memorialized in a text message to her Regional Manager, opposing practices she reasonably believed were unlawful.

22. Defendant subjected Plaintiff to an adverse employment action by terminating her employment.

23. Defendant's termination of Plaintiff was causally connected to her protected activity.

24. Defendant's actions violated Title VII's prohibition against retaliation.

## VI. DAMAGES

25. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff suffered:

a. Lost wages and benefits

b. Emotional distress

c. Compensatory damages

d. Punitive damages

e. Costs and attorney's fees as permitted by law

## VII. JURY DEMAND

26. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment in favor of Plaintiff.

B. Award damages as permitted by law.

C. Award costs and fees.

D. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Taylor Celeste Osborne

369 E Broadway St

Winchester, KY 40391

8593884862

tcosborne99@hotmail.com

Plaintiff, Pro Se

Date: 01|02|2026