UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TAYLOR CELESTE OSBORNE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 26-11-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| KENTUCKIANA DENTAL HEALTH | ) | **MEMORANDUM OPINION** |
| SPECIALIST, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Kentuckiana Dental Health Specialists, LLC ("KDHS") has filed a motion to dismiss the complaint filed by plaintiff Taylor Osborne.  [Record No. 8]  For the reasons explained below, the Court will grant the motion.

Osborne states that, in 2025, she was employed by KDHS in a management position. [Record No. 1 at 2] She alleges that she "observed that pediatric patients were routinely receiving multiple surface dental fillings and dental crowns without the use of any local anesthetic."  *See id*.  In February 2025, Osborne sent a text message to KDHS's regional manager expressing her concerns about the practice.  *Id*. KDHS terminated Osborne's employment  three days later. *See id*. at 3.

Osborne contends that her communications to KDHS regarding patient treatment "constituted protected activity, as she opposed conduct she reasonably believed to be unlawful and unsafe."  *See id*. at 2, ¶ 12.  Osborne asserts a single claim for employment-related retaliation under Title VII of the Civil Rights Act of 1964.  [Record No. 1 at 3]  The Equal

-1-

Employment Opportunity Commission issued a "right to sue" letter on November 20, 2025. [Record No. 7]

KDHS now moves to dismiss the complaint, arguing that it does not state a claim upon which relief may be granted because Osborne's complaint to management regarding patient care was not activity protected by Title VII. [Record No. 8-1 at 1]  In KDHS's view, dismissal is required because Osborne's expressions of concern did not oppose an unlawful employment practice proscribed by Title VII, such as those involving race, color, religion, sex, or national origin. *See id.* at 4.  And Osborne offers only an unadorned rebuttal in her response. [Record No. 11 at 2]

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeks dismissal of a complaint for failure to state a claim upon which relief may be granted.  At a minimum, it must set forth sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 2007); *Peterson v. Johnson*, 87 F.4th 833, 836 (6th Cir. 2023).  When deciding whether the complaint meets that standard, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Jackson v. City of Cleveland*, 64 F.4th 736, 743 (6th Cir. 2023).  However, it need not accept as true allegations that are conclusory or which require unwarranted inferences based on the alleged facts. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010).  In the end, if the facts as alleged do not state a plausible claim for relief, the complaint should be dismissed. *Steeb v. Ehart*, 165 F.4th 536, 540 (6th Cir. 2026) (*citing Newberry v. Silverman*, 789 F.3d 636, 640 (6th Cir. 2015)).

The governing statute provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has opposed any

-2-

practice made an unlawful employment practice by this title." 42 U.S.C. § 2000e-3(a). In short, "Title VII prohibits discriminating against an employee because that employee has engaged in conduct protected by Title VII." *Laster v. City of Kalamazoo*, 746 F.3d 714, 729 (6th Cir. 2014). To state a viable retaliation claim under Title VII, a plaintiff must allege that (1) she engaged in activity protected by Title VII; (2) defendant knew that she engaged in this protected activity; (3) the defendant subsequently took an employment action materially adverse to the plaintiff; and (4) a causal connection exists between the protected activity and the adverse employment action. *See Browning v. Franklin Precision Indus., Inc.*, No. 23-5406, 2023 WL 8437235, at \*3 (6th Cir. Dec. 5, 2023) (*citing Abbott v. Crown Motor Co.*, 348 F.3d 537, 542 (6th Cir. 2003)).

Resolution of the motion to dismiss involves only the first element: that the employee was involved in activity protected by Title VII. Engaging in "protected activity" involves "opposing any practice that the employee reasonably believes to be a violation of Title VII." *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000); *see also Jackson v. Genesee Cnty. Rd. Comm'n*, 999 F.3d 333, 345 (6th Cir. 2021). Here, Osborne complained to management because she believed that the practice of not using local anesthetic on pediatric patients during certain dental procedures "raised serious patient safety concerns, particularly for minor children, causing unnecessary pain and risk of physical and psychological trauma and may violate professional standards of care and applicable regulations." [Record No. 1 at 2, ¶10].

The practice about which Osborne complained may or may not have "violate[d] professional standards of care and applicable regulations" but it did not violate Title VII. Nor could Osborne have reasonably believed that it did. The practice involved clients of KDHS,

not its employees, and thus is not governed by Title VII.  *See Graf v. Morristown-Hamblen Hosp. Ass'n*, 155 F.4th 578, 589 (6th Cir. 2025) ("… we have noted that a lack of reasonable and good-faith belief may stem from 'an unreasonable mistake of law.'  And a retaliation plaintiff could make an unreasonable mistake of law by believing that conduct outside the scope of Title VII's protections was conduct falling within the statute's protections.") (*citing Wasek v. Arrow Energy Servs., Inc.*, 682 F.3d 463, 469 (6th Cir. 2012)).

Because Osborne did not engage in protected activity, she fails to state a claim for employment-related retaliation under Title VII.[1]  Accordingly, it is hereby

**ORDERED** as follows:

1.    KDHS's motion to dismiss for failure to state a claim [Record No. 8] is **GRANTED**.

2.    Plaintiff Taylor Osborne'scomplaint [Record No. 1] is **DISMISSED** with prejudice.

3.    This matter is **STRICKEN** from the docket.

Dated: April 7, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky

---

[1]  Osborne requests leave to amend her complaint in the event the Court finds KDHS's motion to dismiss to be well taken. [Record No. 11 at 2-3]  But she did not tender a proposed amended complaint or explain in her response how she would amend her pleading to address the difficulties identified.  Indeed, given the centrality of the defect at issue, it is difficult to see how she could do so.